Dear Mayor Roach:
You requested an Attorney General's opinion regarding a proposed donation of real property owned by the City of Lake Charles ("City"). You indicate that Hurricanes Rita and Katrina created a housing crisis throughout the State of Louisiana, causing thousands of Louisiana residents to be displaced from their homes. More particularly, as it related to this request for an opinion, the City, as well as other Southwest Louisiana localities, took a devastating blow by Hurricane Rita and consequently, is experiencing an unprecedented shortage of affordable housing. Hundreds of homes, and a significant number of the area's large apartment complexes, were destroyed or severely damaged by the hurricane. The most noticeable impact of this has been on those low to moderate income families who are still displaced because their homes were either uninsured or underinsured, or because they are not homeowners and affordable rental properties are not available. The City's housing shortage is further intensified by the fact that many displaced families from surrounding localities, as well as families from the New Orleans area, have migrated to, or desire to, move into the City.
In an effort to ameliorate the housing problem, the City has implemented the Southwest Louisiana Housing Initiative ("SWLAHI"). This is a multi-tiered housing development program designed to devise both short-term and long-term solutions to the area's affordable housing problem. The initial tier of the SWLAHI, which is ongoing, is to coordinate efforts with the Federal Emergency Management Agency (FEMA) to provide emergency temporary housing. However, long-term housing solutions must be a priority. While a portion of the City's housing needs will be met once the apartment complexes are repaired and in full operation, you feel that the City's long term housing needs can best be effectuated by providing homeownership opportunities. *Page 2 
Congress has established, per the Housing and Community Development Act, the development of affordable housing as a national objective, its primary purpose being to provide decent housing, a suitable living environment, and economic opportunities for persons of low to moderate income.42 U.S.C.A. § 5301(b) and (c). The SWLAHI has been organized in a manner consistent with these purposes, i.e., its primary mission is to develop, finance, and promote affordable, safe and decent housing for low to moderate income individuals, recognizing however, that there may be families who do not fall within the low income guidelines, but are otherwise in need of an affordable home. To accomplish this mission, the City, through its SWLAHI, hopes to undertake several proposed projects that specifically focus on the City's long term affordable housing needs, the first being the Hillcrest Project.
The Hillcrest Project, and possible future projects like it, involves the City entering into a cooperative endeavor agreement with a qualified non-profit organization, for example, Habitat for Humanity, with whom the City could partner to build and develop affordable homes. The City will donate real property, and possibly use HUD funds for infrastructure expenditures. In consideration thereof, the said non-profit organization would provide the City with direct assistance in all aspects of administering the development project, including but not limited to, developing and building affordable homes, screening and processing potential buyers, implementing and managing a self help component of the project, and other technical assistance as may be necessary. The homes would then be sold to low to moderate income families, or those who are otherwise in need of affordable housing. You feel that the above described donation is sanctioned pursuant to the exceptions contained within Article 7, Section 14
of the Louisiana Constitution. Your questions are as follows:
1. Can the City donate real property to a qualified nonprofit organization pursuant to La. Const. Art. VII, Sec. 14(B)(1), for programs of social welfare for the aid and support of the needy?
2. Is the SWLAHI a program of social welfare for the aid and support of the needy?
3. Can the City donate real property as part of a cooperative endeavor agreement pursuant to La. Const. Art. VII, Sec. 14(C)?
As you are aware, La. Const. Art. VII, Sec. 14 provides in part as follows:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . . *Page 3 
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy;. . . .
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
The answer to your first question is in the affirmative. We note that Section 14(A) generally prohibits the loan, grant and/or donation of public funds and/or property to public and private entities and individuals. An exception to this prohibition is found in Section 14(B) which permits the donation of public funds and/or property for programs of social welfare for the aid and support of the needy. This provision has been construed to include the use of public property as well as funds for social welfare purposes. Attorney General Opinion Nos. 98-293, 97-236, 87-587 and 84-161. Further, we have recognized, as a threshold criterion, that a systematic program with objective eligibility requirements should be implemented to insure that the program serves only those individuals and/or families that are truly needy. Attorney General Opinion Nos. 97-236, 92-543 and 82-115.
Your second question is whether SWLAHI is a program of social welfare for the aid and support of the needy. You indicate that the primary mission is to develop, finance, and promote affordable, safe and decent housing for low to moderate income individuals. It is the opinion of our office that this mission is consistent with, and constitutes, a program of social welfare for the aid and support of the needy pursuant to Section 14(B). In accord is Attorney General Opinion No. 98-238. We note that income will be one of the criteria for eligibility for this program. We again remind you that as a threshold criterion, SWLAHI must have objective eligibility requirements to insure that the program serves only those individuals and/or families that are truly needy.
The answer to your third question depends on the purpose of the cooperative endeavor. Generally, a cooperative endeavor must meet a three-part test to be constitutionally valid. First, the public agency must have a legal obligation to expend the public funds at issue. Second, the expenditure must be for a public purpose. Third, the expenditure must create a public benefit proportionate to its cost. Attorney General Opinion Nos. 00-215, 97-457, 93-787.
The requirement for a "legal obligation" for the expenditure or transfer of public funds has been recognized by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal RiskManagement Agency, Inc., 439 So.2d 399 (La. 1983). As stated in the City of Port Allen decision, "even if political subdivisions cooperate for a public purpose, they still may not give away their assets . . . merely for a public purpose." Our office has *Page 4 
interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Attorney General Opinion Nos. 03-0444, 02-0162 and 00-14. In the situation you describe, where the City would donate real property pursuant to a cooperative endeavor agreement, as part of a program of social welfare for the aid and support of the needy, the "legal obligation" requirement need not be met. The donation of real property in that instance would not be a prohibited donation under Art. VII, Section 14(B), and therefore no legal obligation on the part of the City is required.
Next, the expenditure must be for a public purpose. Our office agrees with your contention that decent and affordable housing is vital to the general health, safety, and welfare of the public. Therefore, it is our opinion that a cooperative endeavor to provide affordable housing is a valid public purpose. Whether the expenditure creates a public benefit proportionate to its cost is a determination that must be made by the City. If the City makes such a determination, then it is our opinion that, the City may donate real property pursuant to a cooperative endeavor agreement, as part the SWLAHI program, for the aid and support of the needy.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General